IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| TREVON D. CHAPMAN, SR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-91 |
| v. | |
| JAMES PROCTOR, et al., | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's official capacity claims for monetary damages against all Defendants;

2. Plaintiff's Eighth Amendment claims for excessive force against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

3. Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need;

4. Plaintiff's religious freedom claim under the First Amendment;

5. Plaintiff's Fifth Amendment double jeopardy claim; and

6. Plaintiff's request for injunctive relief.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's Fourteenth Amendment excessive force claims against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

    2.        Plaintiff's Fourteenth Amendment claim for placement in the restraint chair against Defendants Phillips and Savage;

    3.        Plaintiff's Fourth Amendment search and seizure claims against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

    4.        Plaintiff's conditions of confinement claim against Defendants Mastroianni and Watson; and

    5.        Plaintiff's access to court claim against Defendant Proctor.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings several claims in his § 1983 suit concerning events that occurred while he was incarcerated at the Camden County Safety Complex as a pre-trial detainee. Doc. 1. Plaintiff's Complaint arises from his placement in a suicide prevention cell on August 2, 2018 to August 18, 2018. Id. at 17. Plaintiff alleges Defendants Sikes and Watson decided to place him in a suicide prevention cell without cause. Id. at 18. Defendants Aldridge, Dillio, Minor, Vallejo, and Watson escorted Plaintiff to the cell. Id. at 17. While placing Plaintiff in the suicide prevention cell on August 2, 2018, Defendants Aldridge, Dillio, Vallejo, and Watson held Plaintiff down while Defendant Minor repeatedly struck Plaintiff in the head. Id. Plaintiff asserts this assault by Defendants Aldridge, Dillio, Minor, Vallejo, and Watson amounted to excessive force, violating Plaintiff's Fourteenth and Eighth Amendment rights. Id. at 15. After assaulting Plaintiff, Defendants Aldridge, Dillio, Minor, Vallejo, and Watson removed his clothing and ultimately placed him the suicide prevention cell. Id. at 17. Plaintiff brings a Fourth Amendment claim for illegal search and seizure for the removal of his clothing against Defendants Aldridge, Dillio, Minor, Vallejo, and Watson. Id. at 15.

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Later, on August 9, 2018, when Plaintiff returned from court, Defendants Phillips and Savage grabbed Plaintiff, slamming him to the ground. Id. at 21. Defendant Phillips kneeled on Plaintiff's neck, restricting his breathing. Id. Then, Defendants Phillips and Savage placed him in a "restraint chair." Id. Plaintiff asserts Eighth and Fourteenth Amendment claims for the assault and a Fourteenth Amendment claim for placing him in the restraint chair. Id. at 15–16. Additionally, Plaintiff brings a Fourth Amendment claim for illegal search and seizure against Defendants Phillips and Savage for removing his clothing after placing him in the suicide prevention cell. Id. at 15, 20.

Furthermore, Plaintiff contends the conditions of his confinement in the suicide prevention cell violated his constitutional rights. Id. at 15, 18. While in the suicide prevention cell, Plaintiff was not provided with a bed, toilet, sink, clothing, or adequate heating and often had to choose between showering, using the restroom, exercising, or accessing the law library. Id. at 19. Plaintiff was denied toiletries, was not able to wash his hands or otherwise clean himself, and was not provided with utensils with which to eat. Id. Plaintiff complained to Defendants Mastroianni and Watson about the condition of his confinement to no avail. Id. at 18.

Additionally, while in the suicide prevention cell, Plaintiff states he was not provided legal materials, allowed to make phone calls relating to his legal matters, or given time to complete legal research, even though he was preparing to defend himself on a criminal charge. Id. at 19–20. When Plaintiff tried to alert the state court of the difficulties he was facing, Defendant Proctor prevented Plaintiff from doing so. Id. at 20. Based on the difficulties Plaintiff faced preparing for his court case, he brings a First Amendment access to court claim. Id. at 15, 20.

Plaintiff is suing all Defendants in their individual and official capacities. Id. at 2–3, 12. Plaintiff seeks monetary damages for physical injuries and mental distress related to the above-described claims. Additionally, Plaintiff seeks injunctive relief; Plaintiff seeks to have Defendants fired from the Camden County Sheriff's Office and barred from future government employment. Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Official Capacity Claims

Plaintiff is suing Defendants in their official capacities for monetary damages.  Doc. 1. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections.  The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

### II.    Claims That do not Connect a Defendant to a Constitutional Violation

Several of Plaintiff's claims are vague, conclusory, and do not connect any Defendant to the purported constitutional violation.  For example, Plaintiff complains various First Amendment rights were violated, including his right to freedom of religion, but does not provide any facts relating to when, by whom, or how his rights were violated.  Id. at 15.  Likewise,

Plaintiff alleges he was not provided with his "hernia strap," which is a documented need in his file and specifically approved, but he does not contend who denied Plaintiff his hernia strap. Id. at 18. Similarly, Plaintiff claims his Fifth Amendment rights were violated because he did not receive proper due process but later attests he received both a Faretta hearing and a hearing related to various charges. Id. at 15, 20, 21.

A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570. While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'" Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-cv-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Here, Plaintiff fails to provide the minimal details necessary to state a claim—he does not describe how, when, or who violated his First Amendment right of freedom of religion, Fifth Amendment rights, or his Eighth Amendment right relating to deliberate indifference to a serious medical need. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's First Amendment freedom of religion claim, deliberate indifference to a serious medical need claim, and Fifth Amendment due process claims.

### III.    Plaintiff's Eighth Amendment Claims

Plaintiff alleges the use of excessive force by Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson, violating his Eighth Amendment rights.  Doc. 1 at 17–20.  At the time of these incidents, Plaintiff was a pre-trial detainee and had not been convicted of any crime.  Id. at 4.  Plaintiff's rights were thus provided by the Fourth or Fourteenth Amendments, rather than the Eighth Amendment.  See Thomas v. Town of Davie, 847 F.2d 771, 772 (11th Cir. 1988) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).[2]  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment excessive force claims against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson.  Plaintiff, however, should be permitted to bring these claims under the Fourteenth Amendment.

### IV.    Requests for Injunctive Relief

Plaintiff requests Defendants be fired from their positions and barred from future government employment.  Doc. 1 at 5.  As "federal courts have no authority to address state officials out of office or to fire state employees," Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd on other grounds sub nom.*, Alabama v. Pugh, 438 U.S. 781 (1978), I **RECOMMEND** the Court **DENY** Plaintiff's requested relief.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.    Plaintiff's official capacity claims for monetary damages against all Defendants;

---

[2] This distinction is only academic.  "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments."  Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001).

2. Plaintiff's Eighth Amendment claims for excessive force against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

3. Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need;

4. Plaintiff's religious freedom claim under the First Amendment;

5. Plaintiff's Fifth Amendment double jeopardy claim; and

6. Plaintiff's request for injunctive relief.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's Fourteenth Amendment excessive force claims against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

2. Plaintiff's Fourteenth Amendment claim for placement in the restraint chair against Defendants Phillips and Savage;

3. Plaintiff's Fourth Amendment search and seizure claims against Defendants Aldridge, Dillio, Minor, Phillips, Savage, Vallejo, and Watson;

4. Plaintiff's conditions of confinement claim against Defendants Mastroianni and Watson; and

5. Plaintiff's access to court claim against Defendant Proctor.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA