# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
# 𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆
# 𝕭𝖗𝖚𝖓𝖘𝖜𝖎𝖈𝖐 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | | |
|---|---|---|
| TREVON D. CHAPMAN, SR., | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:20-cv-91 |
| v. | * | |
| JAMES PROCTOR, et al., | * | |
| Defendants. | * | |

## ORDER

Before the Court are Plaintiff's and Defendants' Objections to the Magistrate Judge's January 5, 2022 Report and Recommendation.[1]  Dkt. Nos. 48, 49, 54.  Defendants filed Responses to Plaintiff's Objections.  Dkt. Nos. 50, 55. Plaintiff also made Objections to the Court's November 22, 2021 Order denying his motion to appoint counsel.  Dkt. No. 49.

---

[1] The parties' Objections were originally filed in response to the Magistrate Judge's November 30, 2021 Report and Recommendation. Dkt. No. 47.  However, that Report and Recommendation was vacated due to certain scrivener's errors, and a new Report and Recommendation was issued.  Dkt. No. 52 at 1 n.1.  Aside from the corrected errors, the Magistrate Judge's November 30 and January 5 Recommendations are otherwise identical.  Further, the Court allowed the parties time to file additional Objections based on the later-issued Report and Recommendation.  The Court addresses both the earlier-filed Objections, dkt. nos. 48, 49, and Plaintiff's Objections filed in response to the January 5 Recommendation, dkt. no. 54.

For the reasons explained below, the Court **OVERRULES as moot** Defendants' Objections and **OVERRULES** Plaintiff's Objections. The Court **CONCURS** with the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **GRANTS** Defendants' Motion for Judgment on the Pleadings, and **DIRECTS** the Clerk of Court to enter the appropriate judgment on all of Plaintiff's claims except Plaintiff's excessive force claims against Defendants Phillips, Savage, Grant, Vallejo, Dillio, Aldridge, Miner, and Watson. Further, the Clerk of Court is **DIRECTED** to terminate Defendants Sikes, Mastroianni, and Proctor as Defendants in this case. Finally, the Court **AFFIRMS** the Magistrate Judge's November 22, 2021 Order and declines to appoint Plaintiff counsel.

## BACKGROUND

Plaintiff initially filed his Complaint on August 25, 2020, dkt. no. 1, and the Court conducted frivolity review, dkt. no. 11. In the resulting Report, the Magistrate Judge recommended dismissal of several of Plaintiff's claims. Id. In lieu of objections, Plaintiff requested leave to amend, dkt. no. 14, which the Court granted, dkt. no. 16. Plaintiff then timely complied with the Court's Order directing him to file an Amended Complaint, which is the operative pleading in this case. Dkt. No. 32. In response to Plaintiff's Amended Complaint,

AO 72A
(Rev. 8/82)

Defendants initially filed an Answer and have now filed the instant Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).  Dkt. No. 35.

In Plaintiff's Amended Complaint, he brings a number of claims against eleven Defendants.  Defendants moved for judgment on the pleadings for all of Plaintiff's claims except his excessive force claim.  In the January 5, 2022 Report, the Magistrate Judge made seven recommendations related to Defendants' Motion for Judgment on the Pleadings.  Dkt No. 52.  The Magistrate Judge recommended the Court grant Defendants' Motion and enter the appropriate judgment as to Plaintiff's:

1. Fifth Amendment claim against Mastroianni, Sikes, and Watson;

2. Fourteenth Amendment deliberate indifference to a serious medical need claim against Defendants Watson, Sikes, and Mastroianni;

3. Fourteenth Amendment conditions of confinement claim against Defendants Watson, Sikes, and Mastroianni;

4. First Amendment access-to-courts claims against Defendants Proctor, Watson, Sikes, and Mastroianni;

5. First Amendment free exercise claim against Defendants Watson, Sikes, and Mastroianni; and

6. First Amendment mail claim against Defendants Watson, Sikes, and Mastroianni.

Id.  Additionally, the Magistrate Judge recommended the Court terminate Defendant Sikes, Mastroianni, and Proctor as Defendants in this case and noted Plaintiff's claims for excessive force against Defendants Miner, Phillips, Savage,

3

Grant, Vallejo, Dillio, Aldridge, and Watson should remain pending. Id.

Prior to the November 20, 2021 Report, Plaintiff also filed a motion to appoint counsel. Dkt. No. 45. The Magistrate Judge denied Plaintiff's motion to appoint counsel, which Plaintiff also now challenges in his Objections. Dkt. Nos. 46, 49.

## DISCUSSION

### I. Defendants' Objections to the Magistrate Judge's Report

Defendants' Objections relate to a single issue—that the Magistrate Judge did not recommend the Court terminate Defendant Proctor as a Defendant, even though the Magistrate Judge recommended dismissing all pending claims against him. Dkt. No. 48. While the Magistrate Judge did not recommend the Court dismiss Proctor as a Defendant in the now-vacated November 30, 2021 Report, dkt. no. 47, he does in the operative January 5, 2022 Report, dkt. no. 52. Accordingly, the Court **OVERRULES** Defendants' Objection.

### II. Plaintiff's Objections to the Magistrate Judge's Report

At the outset, the Court notes Plaintiff's Objections are largely unresponsive and convoluted—frequently mixing claims and legal standards—making the Objections difficult to decipher.[2]

---

[2] Plaintiff also states he needs additional time to file Objections. Dkt. No. 49 at 2, 4. However, the Court finds this contention without merit. Plaintiff filed fifteen pages of Objections, which includes a number of arguments supported by significant citations to authority. Plaintiff then filed an

4

Nonetheless, while conducting an independent and de novo review of the Magistrate Judge's Report and the entire record, the Court has endeavored to address Plaintiff's Objections. Additionally, Defendants filed a Response to Plaintiff's Objections, which the Court has considered. Dkt. No. 51. For the reasons which follow, the Court **OVERRULES** Plaintiff's Objections.

### A.  Plaintiff's Objections as to Defendants Miner and Phillips

Plaintiff objects to the Magistrate Judge's recommendation to terminate Defendants Miner and Phillips. Dkt No. 49 at 2-3. Plaintiff contends his excessive force claim should remain pending against these Defendants. While the now-vacated November 30, 2021 Report recommended the Court dismiss Defendants Miner and Phillips as a Defendant, dkt. no. 47, the January 5, 2022 Report does recommend dismissing these Defendants and instead notes Plaintiff's excessive force claims remain pending against them, dkt. no. 52. Accordingly, the Court **OVERRULES** this portion of Plaintiff's Objection. Plaintiff's claims for excessive force remain pending against Defendants Phillips, Miner, Savage, Grant, Vallejo, Dillio, Aldridge, and Watson.

---

additional seven pages of Objections to the January 5, 2022 Report. Dkt. No. 54. Thus, the Court declines to provide Plaintiff additional time to file Objections.

5

B.  Plaintiff's Objections Related to Defendant Sikes

The Magistrate Judge recommended the Court grant Defendants' Motion for Judgment on the pleadings as to claims against Defendant Sikes, namely, Plaintiff's Fifth Amendment double jeopardy, deliberate indifference to a serious medical need, conditions of confinement, access-to-court, free exercise, and mail claims.[3] Dkt. No. 52. Plaintiff objects to this recommendation. Dkt. No. 49 at 2. Plaintiff appears to argue Defendant Sikes is liable based on a failure-to-train theory and for falsely accusing him of destroying government property. Id.; Dkt. No. 54 at 1. However, Plaintiff has not previously brought these claims, he has not moved to amend to do so, and Objections to a Magistrate Judge's Report are not the proper vehicle to amend a complaint to add new claims. Fed. R. Civ. P. 15; see also Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding a district court has discretion to decline to consider a party's argument when it is raised for the first time

---

[3] Plaintiff also appears to object to the recommended dismissal of his First Amendment claim generally, clarifying he was deprived of a Bible, where he previously states he was permitted to have a Bible. Compare Dkt. No. 49 at 12 with Dkt. No. 32 at 6. However, as explained above, the Court will not consider new factual allegations not included in Plaintiff's Amended Complaint at this time. Even if the Court were to consider those allegations, as the Magistrate Judge explained, a temporary denial of religious materials generally does not amount to a violation of Plaintiff's First Amendment rights. Dkt. No. 52 at 17-18.

6

in Objections). In sum, any arguments related to a failure to train claim are unresponsive and without merit.

Accordingly, the Court **OVERRULES** Plaintiff's Objections as they relate to the Magistrate Judge's recommendations of claims against Defendant Sikes, **ADOPTS** the Magistrate Judge's recommendation as it relates to Defendant Sikes, and **GRANTS** this portion of Defendants' Motion for Judgment on the Pleadings.

### C. Plaintiff's Objections to Dismissal of His Fifth Amendment Claim

Plaintiff objects to the Magistrate Judge's recommendation granting Defendants' Motion for Judgment on the Pleadings as to his Fifth Amendment double jeopardy claim. Dkt. No. 49 at 1, 4-6, 8-9; Dkt. No. 54 at 1. Plaintiff's Objections are largely unresponsive and conclusory. For much of Plaintiff's Objections, he appears to confuse a Fifth Amendment double jeopardy claim, which he brought in his Complaint, dkt. no. 32 at 6, with a Fourteenth Amendment procedural due process claim. For example, Plaintiff complains he was not provided notice about the disciplinary proceedings that resulted in his placement in a suicide prevention cell. Dkt. No. 49 at 6 (citing Wolff v. McDonnell, 418 U.S. 539 (1974), and other cases and discussing the procedural safeguards inmates must be provided); see also id. at 1 (discussing the appearance of corruption in disciplinary proceedings); id. at 7 (discussing

AO 72A
(Rev. 8/82)

constitutionally adequate process for disciplinary proceedings); id. at 11 (citing Littlefield v. Deland, 641 F.2d 729 (10th Cir. 1981), which discusses an inmate's due process rights related to segregation)); id. at 14 (discussing the elements for a procedural due process claim); Dkt. No. 54 at 1 (explaining he was not provided proper notice regarding his placement in the suicide prevention cell). The process Plaintiff received, or lack thereof, implicates the Fourteenth Amendment's due process clause. However, Plaintiff has not brought such a claim, has not sought to leave to amend his pleadings to do so, and he cannot amend his Complaint in Objections to a Magistrate Judge's Report. See Fed. R. Civ. P. 15.

Plaintiff discusses Federal Regulations related to the confinement of prisoners in his Objections related to his double jeopardy claim, but the Regulations he cites relate to the Federal Bureau of Prisons and, thus, are inapplicable to Plaintiff's claims against a county jail. Dkt. No. 49 at 5 (citing § 541.10(b)(2)). Even if the Regulations were applicable, allegations that Defendants violated jail policies alone do not give rise to a claim upon which relief may be granted. Wilson v. Bussey, No. CV 113-054, 2014 WL 2040109, *5 (S.D. Ga. May 12, 2014) (citing Sandin v. Conner, 515 U.S. 472, 481-82 (1995)); see also Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007) (finding plaintiff's claim alleging

8

defendants violated an internal jail policy was insufficient to survive summary judgment).

Plaintiff's attempts to distinguish the cases the Magistrate Judge cited in his Report fail. Plaintiff acknowledges the cases cited by the Magistrate Judge hold prison discipline does not violate the Fifth Amendment's double jeopardy clause. Dkt. No. 49 at 7. However, he argues in each of the cases the Magistrate Judge relied on, the reason an inmate received discipline while incarcerated was justified based on the inmate's actions. Here, he asserts discipline was not justified based on the allegations he damaged prison property. Id.; Dkt. No. 54 at 2. This argument is unpersuasive—whether placement by jail officials in the suicide prevention cell was justified has no bearing on whether the placement is considered punishment for double jeopardy purposes. United States v. Mayes, 158 F.3d 1215, 1222-23 (11th Cir. 1998) (setting forth the factors courts are to consider in determining whether prior proceedings are civil or criminal in nature for double jeopardy purposes).

Thus, the Court **OVERRULES** Plaintiff's Objections to the portion of the Magistrate Judge's Report relating to Plaintiff's Fifth Amendment double jeopardy claims and **ADOPTS** the Magistrate Judge's recommendation as the opinion of the Court. Defendants'

9

Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's Fifth Amendment claim.

### D. Plaintiff's Objections Related to His First Amendment Claims

Plaintiff objects to the Magistrate Judge's conclusions on his various First Amendment claims. Dkt. No. 49 at 6, 12-13; Dkt. No. 54 at 3-4. Plaintiff's Objections are generally conclusory and repetitive of issues the Magistrate Judge addressed at length. The Court has reviewed the Magistrate Judge's consideration of the claims and agrees with and adopts the analysis in the Report. Plaintiff also brings additional factual allegations relating to his access-to-courts claim, which are not contained in his Amended Complaint and which the Court cannot consider. Fed. R. Civ. P. 12(c); Roberts v. Carnival Corp., 824 F. App'x 825, 826 (11th Cir. 2020).

Finally, the Court addresses Plaintiff's assertion he was not provided a Bible or the ability to read scripture or participate in services while confined in the suicide prevention cell, even though he states in his Amended Complaint he was provided a Bible. Dkt. No. 54 at 3-4. Even considering these additional factual allegations, Plaintiff still fails to state a claim. As the Magistrate Judge correctly explained, a temporary denial of religious materials generally does not amount to a violation of the First Amendment. Dkt. No. 52 at 18.

10

Accordingly, Plaintiff's Objections to the Magistrate Judge's rulings on his First Amendment claims are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's recommendation as the opinion of the Court. Defendants' Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's First Amendment: access-to-courts claim against Defendants Proctor, Watson, and Sikes; free exercise claim against Defendants Watson, Sikes, and Mastroianni; and mail claim against Defendants Watson, Sikes, and Mastroianni.

### E. Plaintiff's Objections Related to His Conditions-of-Confinement Claim

Plaintiff objects to the Magistrate Judges' recommendation the Court grant Defendants' motion as to Plaintiff's conditions-of-confinement claim. Dkt. No. 49 at 6, 8, 11; Dkt. No. 54 at 2-3. Again, Plaintiff provides new factual allegations about the conditions of his cell that were not contained in his Amended Complaint.[4] See, e.g., Dkt. No. 49 at 2 (describing the grate in his cell as crusted in excrement); id. at 8 (alleging

---

[4] In this section and elsewhere in his Objections, Plaintiff seems to argue the standard for a motion for summary judgment precludes granting Defendants' Motion for Judgment on the Pleadings. Dkt. No. 49 at 8-9. Defendants have not moved for summary judgment; instead, on a motion for judgment on the pleadings, the Court is limited to Plaintiff's allegations in his pleadings and must determine whether, based on those allegations, he has stated a claim. See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc., 173 F. Supp. 3d 1324, 1327 (N.D. Ga. 2016) ("The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6).") (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Defendants acted in bad faith by placing him in the suicide cell); id. at 15 (making additional allegations related to time outside his cell and other conditions of his confinement). However, as the Magistrate Judge explained, the Court is prohibited from considering allegations outside of Plaintiff's pleadings when ruling on Defendants' Motion for Judgment on the Pleadings.[5] Fed. R. Civ. P. 12(c); Roberts, 824 F. App'x at 826 (11th Cir. 2020).

In support of his Objections, Plaintiff also provides a lengthy discussion of Sandin v. Conner, 515 U.S. 472 (1995), and criticisms of the United States Supreme Court's ruling in that case. Dkt. No. 49 at 13-14. However, Plaintiff makes no assertions the Magistrate Judge failed to correctly apply this binding case law and does not otherwise make any meritorious objection to the Magistrate Judge's recommendations relating to his conditions-of-confinement claim.

Accordingly, the Court **OVERRULES** Plaintiff's Objections to the portion of the Magistrate Judge's Report relating to his conditions-of-confinement claim and **ADOPTS** the Magistrate Judge's recommendation at the opinion of the Court. Defendants'

---

[5] Plaintiff complains Defendants have not brought forth evidence to contradict his claims. Dkt. No. 49 at 1; Dkt. No. 54 at 4. Because Defendants moved for judgment on the pleadings, they were prohibited from doing so. Instead, the Court accepts as true the allegations in Plaintiff's pleadings.

12

Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's conditions-of-confinement claims.

### F. Plaintiff's Objections Related to His Deliberate Indifference to a Serious Medical Need Claim

The Magistrate Judge recommended the Court grant Defendants' Motion for Judgment on the Pleadings on this claim because Plaintiff failed to allege Defendants Watson, Sikes, or Mastroianni had subjective knowledge of Plaintiff's serious medical need. Dkt. No. 52 at 8-11. Plaintiff argues he should be permitted to proceed on his deliberate indifference to a serious medical need claim against Defendants Watson, Sikes, and Mastroianni. Dkt. No. 49 at 8-9; Dkt. No. 54 at 2. In support, Plaintiff attempts to assert additional allegations related to this claim. Dkt. No. 49 at 10; Dkt. No. 54 at 2-3. However, Plaintiff cannot amend his pleadings at this juncture, supra, and his Amended Complaint is insufficient to state a claim against Defendants Watson, Sikes, and Mastroianni for deliberate indifference to a serious medical need for the reasons stated by the Magistrate Judge.

Additionally, Plaintiff now argues his Fourteenth Amendment deliberate indifference claim should survive, as Defendants violated proper procedures and prison policies when placing him in the suicide prevention cell. Dkt. No. 54 at 2-3. As explained above, allegations Defendants violated jail policies

13

alone do not give rise to a claim upon which relief may be granted. Wilson, 2014 WL 2040109, *5 (citing Sandin, 515 U.S. at 481-82); see also Fischer, 238 F. App'x at 431 (finding plaintiff's claim alleging defendants violated an internal jail policy was insufficient to survive summary judgment).

Accordingly, these Objections are **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's recommendation as to Plaintiff's deliberate indifference to a serious medical needs claim as the opinion of the Court. Defendants' Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's deliberate indifference to a serious medical needs claim.

### III. Plaintiff's Objections to Denial of Appointed Counsel

Plaintiff objects to the Magistrate Judge's November 22, 2021 Order denying Plaintiff's motion to appoint counsel. Dkt. No. 49 at 3-4; Dkt. No. 54 at 4-5. When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D.

14

Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

The Court has not identified any clear error with the Magistrate Judge's denial of Plaintiff's Motion or determined the ruling is contrary to law. At most, Plaintiff has established he would be aided by appointed counsel. Accordingly, the Court **OVERRULES** these Objections and **AFFIRMS** the Magistrate Judge's November 22, 2021 Order.

## CONCLUSION

For the reasons set explained above, the Court **OVERRULES as moot** Defendants' Objections and **OVERRULES** Plaintiff's Objections. The Court **CONCURS** with the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **GRANTS** Defendants' Motion for Judgment on the Pleadings, and **DIRECTS** the Clerk of Court to enter the appropriate judgment on all of Plaintiff's claims except Plaintiff's excessive force claims against Defendants Phillips, Savage, Grant, Vallejo, Dillio, Aldridge, Miner, and Watson. Further, the Clerk of Court is **DIRECTED** to terminate Defendants Sikes, Mastroianni, and Proctor as Defendants in this case. Finally, the Court

15

AO 72A
(Rev. 8/82)

**AFFIRMS** the Magistrate Judge's November 22, 2021 Order and declines to appoint Plaintiff counsel.

**SO ORDERED**, this ___18___ day of ___February___, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)