IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TREVON D. CHAPMAN, SR.,

    Plaintiff,

v.

ERIC WATSON, et al.,

    Defendants.

CIVIL ACTION NO.: 2:20-cv-91

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Modify Terms and Conditions of Confinement, construed as a Motion for Preliminary Injunction.  Doc. 50.  Plaintiff requests an order modifying his confinement to allow:

1. Unlimited access to all open files and documents;

2. Unlimited access to courts, including unlimited access to law library, phone calls, and photocopying of documents;

3. Approved inmate-to-inmate correspondence related to legal proceedings; and

4. Funds provided for a private investigator.

Id. at 1.  Plaintiff also states he wishes to interview numerous witnesses, which include fellow inmates and employees of the Camden County Sheriff's Office.  Id.  However, Plaintiff does not explain who these witnesses are or if he has made any effort to conduct any discovery in this matter.

Plaintiff explains such an order is necessary because of his incarcerated, indigent, and proceeding pro se. Additionally, Plaintiff contends the requested relief is appropriate because prison staff refuse to honor his right to access the courts, including harassing him, extorting him, retaliating against him, refusing him a notary, and violating his various due process rights. Id.

Plaintiff's Motion seeking various forms of preliminary injunctive relief is due to be denied, as the only claim presently pending is Plaintiff's excessive force claim against Defendants Minor, Phillips, Savage, Grant, Vallejo, Dillio, Aldridge, and Watson. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint). Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

Plaintiff's requests for preliminary injunctive relief related to the litigation of this case are not related to the claim presently pending before the Court, which is an excessive force claim. See Docs. 52, 56. Highlighting the unrelated nature of Plaintiff's pending claim and his Motion is the Motion itself. Plaintiff contends prison staff's actions have violated his First

Amendment rights, but Plaintiff's First Amendment claims have been dismissed.  Id.  Similarly, Plaintiff does not complain of any injuries related to Defendants' alleged use of excessive force.  Furthermore, Plaintiff has not identified any specific Defendants to enjoin or discovery he wishes to conduct.[1]  That is, Plaintiff does not explain which, if any, of the remaining Defendants are responsible for the alleged problems or policies of which he complains.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion to Modify Terms and Conditions of Confinement, construed as a Motion for Preliminary Injunction.  Doc. 50.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

---

[1] To be clear, the undersigned is unlikely to grant open-ended or unspecific requests for photocopying or entertain motions for photocopying requesting access for matters unrelated to this case.

3

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 22nd day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA